IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MBI CORPORATION, | : |
| Plaintiff | : |
| v. | : Case No. 1:11-cv-00433-LMB-IDD |
| IMPORTERS SERVICE CORPORATION, | : |
| Defendant. | : |

**PLAINTIFF MBI CORPORATION'S ANSWER
TO DEFENDANT'S AMENDED COUNTERCLAIM**

COMES NOW Plaintiff MBI CORPORATION ("MBI"), by Counsel, pursuant to Rule 12(1)(B) of the Federal Rules of Civil Procedure and files its Answer to Defendant IMPORTERS SERVICE CORPORATION's ("ISC") Amended Counterclaim and states as follows:

**Breach of Contract**

26. MBI admits the allegations of Paragraph 26.

27. MBI denies the allegations of Paragraph 27, except MBI avers that the delivery of import documents is an important aspect of the import of commercial goods.

28. MBI denies the allegations of Paragraph 28.

29. MBI denies the allegations of Paragraph 29 and avers that in the import of Gum Arabic, a variance in the weight of a shipment is customarily permitted to account for drying during transport or storage.

30. MBI denies the allegations of Paragraph 30.

31. MBI admits that a letter from ISC to MBI dated March 16, 2010 is attached to the Complaint and that the letter speaks for itself. MBI denies the remaining allegations of Paragraph 31 and demands strict proof of any weight shortages.

32. MBI admits that between approximately April to July 2009, MBI sent various shipments on ISC's order. MBI admits that certain e-mails are attached to ISC's pleadings and avers that those e-mails speak for themselves. MBI denies the remaining allegations of Paragraph 32.

33. MBI admits the allegations of Paragraph 33.

34. MBI denies the allegations of Paragraph 34.

## Fraud

35. MBI lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 35 regarding ISC's understandings and expectations and therefore denies them. MBI denies that there is a custom in the gum arabic importing industry of crediting ISC's account for the weight shortages and demurrage charges.

36. MBI denies the allegations of Paragraph 36 and demands strict proof thereof.

37. MBI denies the allegations of Paragraph 37.

38. MBI denies the allegations of Paragraph 38.

39. MBI denies the allegations of Paragraph 39.

40. MBI denies the allegations of Paragraph 40.

41. Except as expressly admitted herein, MBI denies each and every allegation of ISC's Counterclaims.

## PLAINTIFF MBI'S AFFIRMATIVE DEFENSES
## TO DEFENDANT ISC'S COUNTERCLAIMS

### First Affirmative Defense

29. ISC's claims for "weight shortages" are barred from remedy by ISC's failure to notify MBI promptly after ISC discovered, or should have discovered, any allegedly nonconforming delivery. ISC accepted delivery of Purchase Order 2009-15K-B on or around October 31, 2009 and did not make any notice regarding "weight shortages" for this order until March 16, 2010. Furthermore, MBI denies that there were any "weight shortages" for any ISC purchase orders.

### Second Affirmative Defense

30. ISC's waived any alleged right to withhold payment from MBI for demurrage charges by voluntarily making payment for those demurrage charges upon acceptance of delivery of the Gum Arabic.

### Third Affirmative Defense

31. ISC has breached its duty to take reasonable action to mitigate the damages it alleges that it has incurred arising out of payment of demurrage charges for Gum Arabic ordered from MBI. ISC incurred demurrage charges on the Gum Arabic on account of ISC's unreasonable delays in retrieving it from port following MBI's delivery of the import documents.

### Fourth Affirmative Defense

32. ISC's Counterclaim for Fraud fails to state a claim upon which relief may be granted. ISC has failed to allege that MBI made a false misrepresentation of a material fact. ISC has failed to allege that ISC suffered any damage resulting from the alleged

misrepresentation independent of ISC's claims for breach of contract. ISC has failed to allege that MBI induced ISC to take action or refrain from acting in reliance upon the alleged misrepresentation. The allegation that MBI "assured" ISC that it would credit ISC for short weights and demurrages on future invoices does not relate to a present or pre-existing fact. This alleged misrepresentation is predicated on unfulfilled promises or statements as to future events.

## Fifth Affirmative Defense

33. In alleging Fraud, ISC fails to state with particularity the factual circumstances thereof as required by Rule 9(b) of the Federal Rules of Civil Procedure.

## Sixth Affirmative Defense

33. The industry customs alleged by ISC do not impose any duties upon MBI contrary to the express terms of contract. Industry custom, if applicable, is limited to the role set forth for Usage of Trade in the Uniform Commercial Code.

WHEREFORE, having fully answered, Defendant requests this Court dismiss this action with prejudice and award it such other relief, including its attorneys' fees and costs, as is just and proper.

Respectfully Submitted,

MBI CORPORATION,
Plaintiff

John C. A. Cowherd   /s/
John C. A. Cowherd
Virginia State Bar Number 72101
Attorney for Plaintiff MBI Corporation
Culin, Sharp, Autry & Day, P.L.C.
4124 Leonard Drive
Fairfax, Virginia 22030
Telephone (703) 934-2940
Facsimile (703) 934-2943
jcowherd@csadlawyers.com

### Certificate of Mailing

I hereby certify that on the 31st Day of May, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Lewis A. Smith, Esq.
>Foley & Lardner, LLP
>3000 K Street, N.W., Suite 600
>Washington, D.C. 20007
>lsmith@foley.com

John C. A. Cowherd   /s/
John C. A. Cowherd
Virginia State Bar Number 72101
Attorney for Plaintiff MBI Corporation
Culin, Sharp, Autry & Day, P.L.C.
4124 Leonard Drive
Fairfax, Virginia 22030
Telephone (703) 934-2940
Facsimile (703) 934-2943
jcowherd@csadlawyers.com